United States Bankruptcy Court
District of Wyoming

In re:  
David Lee Kinder  
      Debtor

Case No. 16-20211-cdp  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 1089-2     User: admin     Page 1 of 1     Date Rcvd: Jun 29, 2016  
                         Form ID: 318     Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 01, 2016.
```
db            +David Lee Kinder,   5820 Osage Ave Aot 206,   Cheyenne, WY 82009-3950
1114541        Westgate Aoartments,   Education Drive,   Cheyenne, WY 82009
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            EDI: IRS.COM Jun 29 2016 23:13:00      Internal Revenue Service,   PO Box 7346,
                Philadelphia, PA  19101-7346
1114537       +EDI: CHASE.COM Jun 29 2016 23:13:00      Chase Bank,   P.O. Box 15298,
                Wilmington, DE 19850-5298
1114538       +E-mail/Text: tmcquaid@retailcreditsolutions.com Jun 29 2016 23:17:24      Retail Credit Solution,
                P.O. Box 280,   West Jordan, UT 84084-0280
1114539       +EDI: RMSC.COM Jun 29 2016 23:13:00      SYNCB/Funancing,   C/O P.O. Box 965024,
                Orlando, FL 32896-0001
1114540       +EDI: USAA.COM Jun 29 2016 23:13:00      USAA Savings Bank,   P.O. Box 33009,
                San Antonio, TX 78265-3009
                                                                                              TOTAL: 5
```

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 01, 2016                                                  Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 28, 2016 at the address(es) listed below:
```
              Donna D. Domonkos    on behalf of Debtor David Lee Kinder ddomon13@gmail.com,   khoffdahl@gmail.com
              Tracy L. Zubrod    tzubrod@zubrodlawofficepc.com,   wy08@ecfcbis.com;jjaques@zubrodlawofficepc.com
              US Trustee    USTPRegion19.cy.ecf@usdoj.gov
                                                                                             TOTAL: 3
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **David Lee Kinder** | Social Security number or ITIN  **xxx−xx−3938** |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |

United States Bankruptcy Court   **District of Wyoming**

Case number:   **16−20211**

## Order of Discharge                                                                12/15

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

David Lee Kinder

<u>6/28/16</u>                                                                       **By the court:**   <u>Cathleen D. Parker</u>
                                                                                                  United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                                        **Order of Discharge**                                        page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**